**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| KAYLAN TISDALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: |
| | ) | |
| TARGET CORPORATION, | ) | JURY DEMAND |
| | ) | |
| Defendant. | ) | |

EXHIBIT 1

CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 503739

# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

KAYLAN TISDALE

Plaintiff

vs.

TARGET CORPORATION
C/O CT CORPORATION SYSTEM
300 MONTVUE ROAD
KNOXVILLE, TN 37919

Defendant

CIVIL ACTION
DOCKET NO. 25C842
Method of Service:
Personal Service

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 03/25/2025

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: [signature]

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JOHN ROMERO
213 REP. JOHN LEWIS WAY NORTH, SUITE 300
NASHVILLE, TN 37219

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

Service ID 503739

rev. 09/01/2022

**IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE AT NASHVILLE**

| | |
|---|---|
| **KAYLAN TISDALE,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**TARGET CORPORATION,**<br><br>**Defendant.** | **JURY DEMAND (12)**<br><br>**Case No.** |

## COMPLAINT

Comes now Plaintiff Kaylan Tisdale ("Plaintiff"), by and through counsel, and files this civil action against Defendant Target Corporation ("Defendant") for personal injuries arising from a slip and fall incident on or around  based upon the following grounds:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a citizen and resident of Davidson County, Tennessee.
2. Defendant is a for-profit corporation organized under the laws of the State of Minnesota, with its principal place of business located in Minneapolis, Minnesota. Defendant's registered agent for service of process is CT Corporation System, 300 Montvue Road, Knoxville, TN 37919.
3. Defendant owns and/or operates store T0144 – 0144 - Rivergate located at 2050 Gallatin Pike N., Madison, Tennessee 37115.
4. The events complained of herein occurred in Davidson County, Tennessee. Jurisdiction and Venue are proper pursuant to Tenn. Code Ann. §20-4-101.

## II. FACTS

5. On or around March 30, 2024, Plaintiff was a patron of Target store building number T0144 - 0144 in Madison, Tennessee. She entered the store at approximately 3:30 p.m.
6. Upon information and belief, a clear liquid was left on the floor between G block near the towels.
7. As Plaintiff approached the G block near the towels, she stepped on the clear liquid on the floor, slipped and fell.
8. There were no caution signs or other similar signage posted or displayed to warn customers of the dangerous condition that Target employees had created and/or knew or should have known was present.
9. Defendant's negligent acts and/or omissions caused the slip and fall incident.
10. Plaintiff suffered injuries and other harms and losses because of this slip and fall incident.
11. Defendant is 100% responsible for causing the slip and fall incident.
12. Defendant had a duty to exercise reasonable care under the circumstances to prevent injury to Plaintiff who was lawfully on the premises.
13. Defendant failed to exercise reasonable care under the circumstances to prevent injury to Plaintiff.
14. Defendant had a duty to maintain the premises where Plaintiff fell in a reasonably safe condition.
15. Defendant failed to maintain the premises where Plaintiff fell in a reasonably safe condition.
16. As a direct and proximate result of Defendant's negligent conduct, Plaintiff suffered

serious injuries and other harms and losses.

17. As a direct and proximate result of the incident described herein, Plaintiff incurred medical expenses for treatment of her injuries and will likely incur medical expenses in the future.

## III. DEFENDANT TARGET CORPORATION'S NEGLIGENT ACTS AND/OR OMISSIONS

18. Defendant owed a duty of reasonable care to its customers, including Plaintiff.

19. Defendant's duty included the obligation to maintain its premises in a reasonably safe condition and the duty to warn customers of the existence of a dangerous condition in order to avoid foreseeable injuries to its customers, including Plaintiff.

20. Defendant owed a duty not to create unsafe conditions on its premises likely to result in foreseeable harm to its customers.

21. Defendant owed a duty to use reasonable care to protect their customers from unreasonable risks of harm.

22. Defendant breached its duty by leaving a clear substance on the floor and failed to warn Plaintiff of its existence.

23. Alternatively, the substance was left by another customer and Defendant knew or should of known of its existence.

24. Defendant breached its duty by failing to place appropriate warning signs or caution signs in the area in which customers like Plaintiff were expected to shop.

25. Defendant breached its duty by failing to train its employees to monitor the store safely by cleaning and/or warning of the dangerous condition on the floor surface to ensure the safety of its customers.

26. Defendant breached its duty by failing to inspect and maintain the area where Plaintiff was injured to ensure that it was free from dangers.

27. Defendant breached the legal duty by failing to protect Plaintiff from an unreasonable risk of harm.

28. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered serious injuries and other damages.

## IV. CAUSATION

29. Defendant breached its duty of care owed to Plaintiff.

30. Defendant's negligence as set forth above directly and proximately caused the slip and fall incident and resulted in injuries to Plaintiff and other damages and losses Plaintiff suffered.

31. As a direct result of Defendant's negligence, Defendant caused and proximately caused Plaintiff to suffer painful bodily injuries and to become liable for medical and other expenses.

## V. DAMAGES

32. As a direct and proximate result of Defendant's negligent acts and/or omissions, Plaintiff is entitled to recover damages for the following:

a) Any and all applicable special damages or **Economic Damages** as defined by ***Tenn. Code Ann. §29-39-101(1), past and future***;

b) Any and all applicable **Noneconomic Damages** as defined by ***Tenn. Code Ann.§29-39-101(2), past and future***.

## VI. RELIEF SOUGHT

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages up to Two Hundred Fifty Thousand Dollars **($250,000.00)** or in an amount to be determined by a

jury of twelve (12) peers under the law and the evidence along with any further general relief to which he may be entitled to receive.

Respectfully submitted,

/s/ John F. Romero

Jeffery S. Roberts, #20263
Casey W. Elrod, #35995
John F. Romero, #38841
JEFFERY S. ROBERTS & ASSOC. PLLC
213 Rep. John Lewis Way N., Suite 300
Nashville, Tennessee 37219
Phone: (615) 425-4400
Fax: (615) 425-4401
jeff@middletninjury.com
casey@middletninjury.com
john@middletninjury.com
*Counsel for Plaintiff*